HOUSTON, Justice.
Tyrone Triplett petitions this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals affirming his conviction for first-degree rape. We reverse and remand.
On July 19, 2002, Triplett was indicted for rape in the first degree. At trial, following the State’s presentation of its case, the defense announced that it planned to recall one of the State’s witnesses. The Court then asked Triplett if he wanted to testify. He stated, “I don’t want to testify at this point of time.” The defense then recalled the State’s witness and rested. The trial court temporarily excused the jury, and the parties began discussing potential jury charges. After charges had been discussed, the court then recessed to consider which charges to give the jury.
After the recess, but before the court reconvened the jury, Triplett requested that the trial court “reopen” the proceedings. From a reading of the transcript, it appears that Triplett wanted to accomplish two goals by reopening the proceedings: (1) to recall and question certain witnesses concerning alleged discrepancies in their testimony and (2) to testify on his own behalf. The trial court denied his request.
Triplett was convicted of rape in the first degree. Triplett appealed, and the *217 Alabama Court of Criminal Appeals affirmed his conviction in an unpublished memorandum. Triplett v. State (No. CR-02-1383, March 19, 2004), — So.2d —(Ala.Crim.App.2004) (table). He petitioned this Court for certiorari review on several grounds. We granted the petition to examine only the issue whether the trial court exceeded its discretion in choosing not to reopen the proceedings. We reverse and remand.

Standard of Review

“Before the jury retires to begin deliberation of the case, the court, upon a showing of good cause, may allow the case to be reopened.” Rule 19.1(h), Ala. R.Crim. P. “The decision of whether to reopen a case for additional evidence lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.” Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 46 (Ala.1990).

Analysis

Triplett argues that the trial court’s unwillingness to reopen his case denied him his constitutional right to testify. The State argues that Triplett’s constitutional right was preserved and that the Court refused to reopen the case because Triplett had failed to demonstrate “good cause,” as required by Rule 19.1(h), Ala. R.Crim. P.
In support of his petition, Triplett cites Ephraim v. State, 627 So.2d 1102 (Ala.Crim.App.1993). In Ephraim, the defendant was asked whether he would like to testify on his own behalf. He declined. His attorney then called one witness and rested the defense’s case. The jury was dismissed, and the parties began discussing potential jury charges. During the charge conference, the defendant requested that he be allowed to testify. The trial court denied the defendant’s request, informing him that “he had waived that right [to testify] and that the court was not now going to allow the appellant to disrupt the proceedings.” Ephraim, 627 So.2d at 1103. Ephraim was convicted of capital murder.
In an opinion authored by Judge Taylor and concurred in by then Presiding Judge Bowen and Judges McMillan, Montiel, and Patterson, the Court of Criminal Appeals reversed the trial court’s judgment and remanded the case. The Court of Criminal Appeals stated that Ephraim had been denied his constitutional right to testify. Ephraim, 627 So.2d at 1105. In that case, as in this one, the State argued that it was solely within the trial court’s discretion whether to reopen the case. Ephraim, 627 So.2d at 1105. The Court of Criminal Appeals held, however, that “when the exercise of that discretion results in the denial of a basic constitutional right, we must find that that discretion has been abused.” Ephraim, 627 So.2d at 1105. That court noted that if the parties had begun closing arguments, or if the jury had been charged, the refusal to reopen the proceedings might have been “more excusable,” but barring that circumstance, the Court of Criminal Appeals stated, Ephraim was entitled to testify. Ephraim, 627 So.2d at 1105.
The facts in this case are virtually identical to those presented to the Court of Criminal Appeals in Ephraim. As that court held in Ephraim, we hold that the trial court exceeded its discretion when it denied the defendant the opportunity to testify. Because Triplett’s situation commands the same relief as was afforded Ephraim, we reverse the judgment of the Court of Criminal Appeals and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*218 NABERS, C.J., and SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
LYONS, J., concurs in the result.